SAMUEL PETER AND D. M. HARBER *v.* JAMES FERRELL.

**Corporation — Denial of Existence — Estoppel.**

A party executing a note to a corporation is estopped to deny that such a corporation existed as was described in the note.

**Election of President.**

Where the book containing the proceedings of a corporation shows that the president was elected it must be assumed that notice of the election was given in absence of proof to the contrary.

**President May Assign Note.**

The president of a corporation having a note had the right to assign it in discharge of a liability of the company. His assignment passed the legal title to the note.

APPEAL FROM WASHINGTON CIRCUIT COURT.

October 4, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The ruling of the court in granting appellee a new trial might have been erroneous, but even if it was it was waived by a failure of appellants to accept thereto.

It is alleged in the petition that note was executed to the president and directors of the Maxville & Willisburg Turnpike Road

Company, meaning thereby that it was intended for the Maxville, Willisburg & Buckfork Turnpike Road Company. That is not controverted in the answer, and if it were, appellee would be estopped by his note from denying that the Turnpike Road Company, such as is described in the note, existed.

Nor do we think that the word president, added after the name of Uriah Shewmaker, is to be regarded as a mere *descriptio persona*. The note, on its face, is made payable to the *president* and directors of the company therein described, and the adjunct must be construed to refer to the president of the company named in the note; no other construction would be either logical or legitimate.

On the trial the book, containing the proceedings of the corporation, was produced, from which it appears that Shewmaker was elected president of the company, and in the absence of proof to the contrary we must assume that notice of the time and place of the election was given, and that the same conformed to the requirements of the act of incorporation, and although but five seem to have voted, they may have owned the greater part of the stock of said company; but be that as it may, there is no evidence conducing to show that the election of Shewmaker was not in conformity to the charter, and being the president of the company and having the note, he had the authority to assign it, in discharge of the liabilities of said company, which was done as appears by the assignment and is not controverted. His assignment passed the legal title of the paper to the assignees, and no other parties than those on the record were necessary. It is alleged in the petition that by the initials " D. M.," in the assignment, were meant *D. M. Harber*, and it is not denied in the answer. The court, Judge Hardin not sitting in the case, cannot concur with the circuit judge in the instruction to the jury to find as in case of a *nonsuit*. Wherefore, the judgment is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings not inconsistent herewith.

*Hardin & McSlooy, for appellants.*

*R. J. Brown, for appellee.*